

**IT IS ORDERED as set forth below:**

Date: July 7, 2020

_____

**W. Homer Drake**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| **IN THE MATTER OF:** | : | **CASE NUMBER** |
|---|---|---|
| Alton Wayne Knight, | : | 15-11059-WHD |
| | : | |
| Theo Mann, | : | ADVERSARY PROCEEDING |
|     Plaintiff | : | NO. 18-1029-WHD |
| | : | |
| v. | : | |
| | : | |
| Annette Knight, | : | IN PROCEEDINGS UNDER |
|     Defendant, | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is the Trustee's Motion to Reconsider the Court's Order granting summary judgment in favor of the Defendant, Mrs. Knight. Upon review of the record and the arguments presented by the parties, the Court finds that the Trustee's Motion for Reconsideration is Denied.

**Procedural History**

Through the above-captioned adversary proceeding, which was filed on September 18, 2018, the Trustee seeks to recover money and real property from Mrs. Knight pursuant to §§ 541, 542, and 549 of Title 11 of the United States Code ("Bankruptcy Code").[1]  (Doc. 7).  On January 16, 2019, Mrs. Knight filed her Motion for Summary Judgment.  (Doc. 19).  On February 18, 2019, the Trustee filed his Response to Mrs. Knight's motion as well as a Cross Motion for Summary Judgment. (Doc. 23).  The parties' motions came before the Court for hearing on June 18, 2019, and, on October 1, 2019, the Court entered the Order granting summary judgment in favor of Mrs. Knight on all counts of the Trustee's Amended Complaint (the "Order").  (Doc. 28).

On October 10, 2019, the Trustee filed his Motion to Reconsider ("Motion").  (Doc. 30).  On October 24, 2019, Mrs. Knight filed a Response to the Motion.  (Doc. 31).  On February 19, 2020, the Motion came before the Court for hearing.  At the conclusion of the hearing, the Court invited the parties to submit post-hearing briefs for consideration.  Consequently, Mrs. Knight filed her Supplemental Response to the Trustee's Motion on February 19, 2020, (Doc. 34), and the Trustee filed his Supplemental Reply ("Reply") on February 24, 2020,

---

[1] All further references herein to statutory sections are references to the Bankruptcy Code unless otherwise indicated.

(Doc. 35).

## Background

As the Order provides a thorough factual recitation, the Court restates only those facts necessary to address the Trustee's Motion. In 2008, the Debtor transferred, through quit claim deed, his interest in real property ("the Property") to Mrs. Knight. The deed was legal and binding between the parties; however, the deed was missing the required signature of a witness, making it ineligible to be a deed of record. *Cook v. Mrs. Knight (In re Knight)*, 574 B.R. 800, 814-16 (Bankr. N.D. Ga. 2017) (Drake, J.) (finding that, although the deed was not entitled to be a deed of record, it was legal and binding between the parties).[2] On May 18, 2015, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. On June 2, 2017, the Debtor filed a Corrective Quitclaim Deed ("Corrective Deed") in an apparent attempt to cure the prior deed's defect in regard to the missing witness's signature. On September 18, 2018, the Trustee initiated the instant adversary proceeding, asserting two counts for relief pursuant to §§ 541 and 542. (Doc. 1). The Trustee filed his Amended Complaint on September 25, 2018, including a third count under § 549 (the "Amended Complaint"). (Doc. 7).

## Discussion

---

[2] The Court found further that the Debtor had no disclosable interest in the Property at the time of the petition filing. *Id.* Consequently, a transfer occurred as a result of the 2008 deed.

I.  Motion for Reconsideration Standard

Reconsideration of an order under Rule 59(e), made applicable in bankruptcy by Fed. R. Bankr. P. 9023, is an extraordinary remedy to be employed sparingly due to interests in finality and conservation of judicial resources.  *See* BLR 9023-1; *In re Smith*, 541 B.R. 914, 916 (Bankr. M.D. Fla. 2015).  The decision to grant a motion to reconsider is a matter within the discretion of the trial court.  *See Pac Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998).  The determination as to whether grounds exist for granting such a motion is held to an abuse of discretion standard.  *Mincey v. Head,* 206 F.3d 1106, 1137 (11th Cir. 2000).

The function of a motion to reconsider is not to serve as a vehicle to relitigate old matters, pad the record for appeal, present new legal theories, or argue issues that could and should have been raised prior to judgment.  *Matter of Homestead Partners, Ltd.,* 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996).  A movant, in bringing a motion to reconsider, cannot merely reiterate previous arguments, *Univ. of Va. Patent Found. v. GE,* 755 F. Supp. 2d 738, 743-44 (W.D. Va. 2011), nor can he use it as a vehicle through which to present a better or more compelling argument than was originally presented, *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005).

The only grounds for granting such a motion "are newly-discovered

evidence or manifest errors of law or fact." *Mincey,* 206 F.3d at 1137. It may also be appropriate when a court has obviously misinterpreted a party's position. *Greene v. U.S. Dep't of Educ. (In re Greene),* 2013 Bankr. LEXIS 1636, at *7 (Bankr. E.D. Va. Apr. 22, 2013). However, even if errors have been committed, if the issues are at least arguable or it does not affect the outcome of the case, such errors do not constitute the type of clear and obvious error that warrants Rule 59(e) relief. *In re Ardis,* 2017 Bankr. LEXIS 2625, *3-4 (Bankr. N.D. Fla. Jan. 6, 2017).

II.  Analysis

The Trustee asserts that the Order merits reconsideration for the following reasons: (1) the Court misinterpreted his arguments in regard to § 544; and (2) the Order fails to address Count 3 and his entitlement to rely on § 544 in a defensive manner.

A.  The Court's Interpretation of the Trustee's Argument

The Trustee asserts that the Court misinterpreted his argument to the extent that it merits reconsideration. In the Order, the Court held that the Trustee's "avoidance powers" pursuant to § 544(a)(3) were not automatic, but must be asserted. However, the Trustee maintains that he is not seeking to utilize his avoidance powers, but that he is relying on his "status powers" under § 544. Specifically, he asserts that the 2008 Deed is void as to him, as of the petition date, due to his status as a bona fide purchaser ("BFP") pursuant to § 544(a)(3) and

O.C.G.A. § 44-2-3, which provides, in relevant part, that "every unrecorded conveyance of land shall be void as against a subsequent bona fide purchaser for value without notice of such voluntary deed." The Trustee argues further that § 546 does not apply to this action, since the 2008 Deed is void and no affirmative action is necessary.

As a threshold matter, the Court notes that the Trustee brings this adversary proceeding pursuant to §§ 541, 542, and 549. (Doc. 7). The Amended Complaint neither asserts a Count under § 544, nor does it specifically or clearly plead § 544. (*Id.*).

Moreover, the Court finds that, in this case, the Trustee's distinction between "avoidance powers" and "status powers" is a distinction without a difference. As a result, the Court rejects the Trustee's argument to the extent that he is arguing that § 546(a) does not apply because the deed is void and no affirmative avoidance is necessary. *See In re Choate*, 18-05169-JWC (Bankr. N.D. Ga. March 29, 2019) (stating that, while § 544 grants the trustee rights and powers of a hypothetical BFP, it does not automatically assert those rights); *see also, Barkley v. West (In re West)*, 474 B.R. 191, 204-05 (Bankr. N.D. Miss. 2012) (rejecting argument that § 544 powers are self-effectuating and that unperfected security interests are automatically void under § 544 without need to file avoidance action); *Murphy v. Wray (In re Wray)*, 258 B.R. 777, 784-85 (Bankr. D. Idaho

2001) (rejecting argument that trustee may bring declaratory judgment action that security deed is void as to trustee as hypothetical BFP outside of § 546(a) limitation period).

In *In re Choate*, the bankruptcy court addressed an argument analogous to the one presented by the Trustee. 18-05169-JWC (Bankr. N.D. Ga. March 29, 2019). In that case, the trustee filed a complaint under § 544(a)(3), in which he asserted that he was entitled to judgment as a matter of law since the defendant's security deed, which had not been properly recorded, was void as against his rights and powers as a BFP. *Id* at *4. The trustee argued further that § 546 did not bar the proceeding, since the complaint did not seek avoidance of the security deed, but only a declaratory judgment that he had a superior claim to the property as a result of his BFP status under § 544. *Id.* at 6-9. In support, he distinguished between asserting under § 544 his (1) rights and powers as a hypothetical BFP, and (2) power to avoid transfers of the property of the debtor that are avoidable by a BFP. *Id.*

The bankruptcy court rejected this argument, finding that § 546(a) applies to all actions or proceedings under § 544 regardless of which rights or powers a trustee may be invoking under that section. *Id*. The court held that the plain language of § 546(a) draws no distinction between avoidance actions and the exercise of rights and powers of a BFP under § 544, nor does it distinguish

between rights and powers to have a transfer declared void versus rights and powers to avoid a transfer. *Id*. Rather, the key inquiry that § 546(a) requires is not necessarily which rights or powers under §544 a trustee exercises, but whether the trustee is utilizing § 544 in an offensive or defensive manner. *Id*.

The Trustee maintains that *In re Choate*'s reasoning does not apply here since that case did not involve a state statute providing that an unrecorded conveyance "shall be void" as to a BFP.[3] However, the Court finds that, in this case, the distinction is immaterial. The applicability of a state statute does not eliminate the necessity of a timely commenced action or proceeding under § 544. *See In re Brannon*, 584 B.R. 417, 421 (Bankr. N.D. Ga. 2018) (trustee filing avoidance action pursuant to § 544(a)(3) seeking to avoid pre-petition conveyance that was not recorded in compliance with O.C.G.A. § 44-2-3); *see also, In re Morgan*, 449 B.R. 821 (Bankr. S.D. Ga. 2010) (trustee filing a complaint seeking to avoid a security deed pursuant to §§ 544(a)(3) and 551, due to the defendant's failure to record its deed in compliance with O.C.G.A. § 44-2-3); *In re Ibach*, 399 B.R. 61, 63 (Bankr. D. Minn. 2008) (trustee filing a complaint pursuant to §

---

[3] The authority upon which the Trustee relies involves a trustee's defensive use of § 544, and, thus, is distinguishable from the instant case. *In re Miller*, 2019 WL 3483165, at *3 (Bankr. N.D. Ga. July 30, 2019) (trustee asserting BFP powers defensively in response to a creditor's proof of claim); *In S. Bank & Tr. Co. v. Alexander (In re Alexander),* 2014 WL 3511499 (Bankr. E.D. Va. July 16, 2014) (finding that § 544(a) may be raised defensively outside of the statute of limitations); *In re Bridge*, 18 F.3d 195 (3rd Cir. 1994) (trustee raising rights under § 544 in response to the plaintiff's request that its equitable lien be granted priority).

544(a)(3) seeking to avoid a pre-petition transfer that was not recorded in compliance with Minn. Stat. § 507.34, which provided that an unrecorded conveyance "shall be void" as against a subsequent BFP).

Consequently, the Court, applying the reasoning espoused in *In re Choate*, finds that there are several reasons the Trustee cannot prevail. First, since the assertion of the Trustee's "status powers" under § 544 is not automatic in regard to declaring a pre-petition transfer void, the Trustee must commence an action under § 544 to exercise those rights in that manner. The Trustee has failed to do so, as the instant proceeding is not an action under § 544. The face of the Amended Complaint evidences this fact. The Trustee's argument also supports this finding since he maintains that he does not have to bring an action under § 544 in order to utilize those powers. Clearly, he does not intend that this proceeding be one pursuant to § 544.

Nevertheless, even if the Court were to find that this is a proceeding under § 544, it is time-barred by § 546. In determining whether § 546 applies, the question is not necessarily what rights or powers under § 544 the Trustee may be invoking, but whether he is acting in an offensive or defensive manner. Generally, a trustee employs his powers offensively when he initiates an avoidance action to recover property. *In re Miller*, 2019 WL 3483165, at *3 (Bankr. N.D. Ga. July 30, 2019). Here, the Trustee asserts § 544(a)(3) in an offensive manner. This proceeding is

either an avoidance action or an action seeking a declaratory judgment that the 2008 transfer is void as to his status as a BFP. Moreover, the Trustee concedes to the offensive nature of his action.[4]

Since the proceeding is offensive in nature, § 546 applies. Section 546 provides that an "action or proceeding under section 544 . . . may not be commenced after . . . the later of – (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee. . . ." 11 U.S.C. § 546(a). Here, the Debtor filed his petition on May 18, 2015. Thus, the latest date for timely commencement of an action or proceeding under § 544 was May 18, 2017. The parties do not dispute this deadline. The Trustee did not commence this adversary proceeding until September 18, 2018. The limitation period of § 546(a) may be subject to equitable tolling under certain circumstances, such as concealment, fraud, or extraordinary circumstances outside of the trustee's control. *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 700-01 (11th Cir. 2005). However, the Court's review of the record in the Bankruptcy Case reveals no grounds for equitable tolling. Therefore, this proceeding is time-barred by § 546.

Ultimately, the Court finds that the Trustee's argument in regard to his

---

[4] In the Supplemental Reply, the Trustee states that he is utilizing his BFP powers defensively "[]as to the 2017 Deed[]." (Doc. 35, p. 4).

"status powers" does not merit reconsideration as it does not result in a different disposition of the case. *In re Greene,* 2013 Bankr. LEXIS 1636, at *42.

> B.  Count 3 of the Amended Complaint and the Trustee's Defensive Use of § 544.

The Trustee requests that the Court specifically address Count 3 of the Amended Complaint. As noted *supra*, Count 3 seeks the avoidance of the Corrective Deed pursuant to § 549. In support, the Trustee maintains that, since the Property is property of the estate due to the 2008 Deed's being void as of the petition date, the recording of the Corrective Deed constitutes a post-petition transfer of property of the estate. However, the Trustee's argument under § 549, to the extent that it is contingent upon the 2008 Deed's being void as of the petition date, cannot prevail as the Court has already found that the Trustee did not, and cannot, void the 2008 Deed. Moreover, the Trustee's relitigating an argument already considered and rejected by the Court is not an appropriate use for a motion for reconsideration. *Univ. of Va. Patent Found.*, 755 F. Supp. 2d at 743-44.

Notwithstanding, the Trustee, in his Supplemental Reply, also requests that the Court address whether he is permitted to rely on his status as a BFP pursuant to § 544 in a defensive manner as to the Debtor's recording of the Corrective Deed. The Court declined to address this argument in the Order, due to it's not being raised in the Amended Complaint. The Trustee recognizes that he does not assert a cause of action under § 544. Nevertheless, he maintains that he adequately

references his rights as a BFP under §544, and that, consequently, the Court should consider the issue. The Court is not convinced.[5]

"[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009). The Amended Complaint does not cite § 544 at all. It merely twice references the Trustee's "position as a hypothetical bona fide purchaser."[6] Importantly, the Amended Complaint contains no reference to § 544 in a defensive manner. The Trustee mentions the defensive use of § 544 only twice in subsequent pleadings – the first time being in his brief in response to Mrs. Knight's Motion for Summary Judgment, (Doc. 23), and the second time being in his Reply to Mrs. Knight's Response to the Trustee's Motion for Reconsideration. The Trustee cannot use a motion to reconsider as a vehicle through which to present a better or more compelling argument than that actually pled in the Amended Complaint. *Madison River Mgmt. Co.,* 402 F. Supp. 2d. at

---

[5] While the Court's Order Denying Mrs. Knight's Motion to Dismiss (Doc. 12) mentions the Trustee's status as a BFP and that § 544, when being asserted defensively, is not subject to §546, the Court made no determination as to this matter. Ultimately, the Court declined to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) out of an abundance of caution, due, in large part, to the broad arguments raised by the Trustee during oral argument on Mrs. Knight's Motion to Dismiss.

[6] Count 1 is titled "Turnover of Real Property Pursuant to 11 U.S.C. § 542." It contains the following reference to the Trustee's BFP status – "[t]he Trustee in his position as a hypothetical bona fide purchaser of the 1/3 interest in the Property has a claim in the Property superior to the Defendant's." (Doc. 7, ¶ 18). Count 3 is titled "Avoidance of 2017 Deed Pursuant to 11 U.S.C. § 549." It contains the following reference to the Trustee's BFP status - "[t]he 2008 Deed was patently defective and upon the filing of the bankruptcy case the Trustee became a bona fide purchaser for value of the 1/3 interest in the subject property." (*Id.* at ¶ 27).

619; *Matter of Homestead Partners, Ltd.,* 201 B.R. at 1017.

## Conclusion

Therefore, in accordance with the foregoing, the Trustee's Motion for Reconsideration is hereby **DENIED**.

The Clerk is **DIRECTED** to serve this Order on all parties, respective counsel, the Debtor, and Debtor's counsel.

**END OF DOCUMENT**